Miranda De Hostos, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Se apela una sentencia dictada por el Tribunal de Primera Instancia, Sala de San Juan, mediante la cual se desestimó sumariamente la demanda que radicó el apelante.
Inconforme con la decisión, el apelante doctor Arturo Miró Díaz acude ante nos alegando la comisión de varios errores que se resumen como sigue: primero, que incidió el Comité de Evaluación y Promoción de Residentes (Comité de Evaluación) al no utilizar los parámetros de evaluación adecuados y notificarle que estaba en probatoria; segundo, que incidió el tribunal de instancia al resolver el caso sumariamente y al aplicar la doctrina de autonomía universitaria.
Atendido el recurso y la oposición presentada, se confirma la sentencia apelada por los siguientes *923 fundamentos.
I
Los hechos que dan lugar al presente recurso se relatan a continuación.
El apelante, suscribió un contrato con el Departamento de Salud (Departamento) con vigencia desde el 10 de julio de 1991 hasta el 30 de junio de 1992. Se obligó a prestar servicios como residente de segundo año en el Departamento de Pediatría del Hospital Regional de Ponce.
El Departamento tenía la facultad de terminar el contrato si la labor del apelante no era cónsona con las normas y reglamentos de las instituciones educativas o entidades a cargo del programa en el que éste se desempeñaba.
El Departamento también podía dar por terminado el contrato a recomendación de la Facultad Médica, del Director del Programa de Adiestramiento o el Director de Educación Médica del Hospital, cuando el aprovechamiento académico o destrezas clínicas del apelante fueran deficientes o amenazaran la salud o seguridad de los pacientes a su cargo.
Cuando comenzó el curso académico 1991-1992, se orientó al apelante en cuanto a los criterios de evaluación contenidos en el Manual para el Programa de Residencia (Manual) aplicable a ese año. El Manual contenía todas las normas aplicables a los residentes, el sistema de evaluación y requería un promedio total de exámenes ascendente a un 80% para poder ser promovido del segundo al tercer año de especialidad. También se exigía del residente, que demostrara competencia profesional para el manejo tanto de problemas sencillos como complejos en pacientes pediátricos, desde recién nacidos hasta adolescentes.
La evaluación de los candidatos, a base del Manual, se hacía a base de cuatro parámetros, a saber: funcionamiento en salas o clínicas; notas de exámenes; actitudes; y promedio de pacientes evaluados en clínicas de continuidad. En lo concerniente a notas de pase, el Manual establecía un 75% de nivel de pase para el primer año; 80% para el segundo; y 85% para el tercero.
En 1991, el apelante comenzó su segundo año de residencia. En enero de 1992, la Dra. Villafañe se reunió con el apelante y le informó que sus evaluaciones habían sido deficientes y que si no las mejoraba, no sería promovido a su tercer año de residencia.
El desempeño académico del apelante el doctor Miró Díaz continuó siendo deficiente. Su nivel de aprovechamiento de exámenes fue de sólo 69.8% para enero y de 63% para marzo de 1992. El 16 de marzo de 1992 se le comunicó formalmente que se le pondría en probatoria debido a su bajo promedio acumulativo de exámenes que era sólo de un 63%.
En abril de 1992, el Comité de Evaluación determinó que el apelante no había cumplido con los criterios de promoción y que no estaba capacitado para ser promovido a tercer año. Recomendó que repitiera el año académico.
El apelante fue el único cuyo promedio de exámenes estuvo por debajo del 80% requerido como nota de pase para promoción. Todos los demás estudiantes del programa fueron promocionados de año al reflejar notas que cumplían con el 80% requerido.
El 21 de abril de 1992, se le notificó al apelante la decisión de que no sería promovido a su tercer año de residencia. En la notificación se le advirtió de su derecho a pedir una revisión por escrito del caso y del derecho a una reunión para discutir su posición.
El apelante solicitó revisión en la que planteaba que el criterio de evaluación aplicable en cuanto a los exámenes era de un mínimo de 12% para poder ser promovido de año. El 29 de abril de 1992 acudió a una entrevista ante el Comité de Evaluación y éste rechazó su planteamiento por ser contrario a las normas establecidas, notificando su decisión a la directora del Programa de Educación Médica del Hospital.
*924 De dicho dictamen el apelante acudió en apelación y el Comité Institucional de Coordinación (Comité de Coordinación) luego de discutir el proceso, decidió reconsiderar la determinación del Comité de Evaluación. En el dictamen en reconsideración el Comité de Coordinación resolvió permitirle al apelante continuar en la residencia de segundo año por un período probatorio de tres meses, al cabo de los cuales, de cumplir con una evaluación positiva, sería promovido a tercer año.
El apelante abandonó voluntariamente el programa, comenzando uno de residencia en psiquiatría.
El 29 de septiembre de 1992 el apelante doctor Miró Díaz, presentó una demanda al amparo de la Ley Federal de Derechos Civiles y la de Puerto Rico y el artículo 1802 del Código Civil de Puerto Rico. Una vez culminado el descubrimiento de prueba y estando el caso señalado para vista en su fondo, los doctores apelados radicaron una moción de sentencia sumaria a la que posteriormente se unió el Estado Libre Asociado mediante moción separada. La parte apelante presentó su oposición a la referida moción y luego de varios trámites procesales, el tribunal de primera instancia dictó sentencia sumaria desestimando la causa de acción.
De esta determinación es que se apela ante nos.
II
A la luz de los hechos antes esbozados, analicemos el derecho aplicable a la controversia presentada.
El apelante plantea como primer error, que el Comité de Evaluación incidió al no notificarle la decisión de que estaba en probatoria y al no utilizar los parámetros adecuados en su evaluación.
No tiene razón.
Las universidades privadas deben cumplir con los reglamentos que están incluidos en sus contra-tos; de lo contrario, violarían el espíritu que permea el proceso contractual. El Tribunal Supremo de Puerto Rico ha resuelto que no existe un vacío en cuanto al derecho de ser oído en las universidades privadas y en estas instituciones las garantías procesales se derivan de las relaciones contractuales en-tre las partes. Las instituciones educativas a nivel superior deben estar libres de presiones o intromi-siones ajenas. Los tribunales deben ser deferentes con las decisiones de estas instituciones, debido a que éstas tienen la experiencia y el conocimiento especializado para tratar asuntos relacionados con el mundo académico. Selosse v. Fund. Educ. Ana G. Méndez, 122 D.P.R. 534, 546-549 (1988).
El Tribunal Supremo de los Estados Unidos también ha sostenido, que cuando los tribunales tengan que revisar decisiones de instituciones educativas que sean estrictamente académicas, deben concederle gran respeto. Sólo se revocará una decisión de una institución educativa, si se aparta sustancialmente de las normas académicas o se demuestra que la persona o el comité no ejerció un adecuado juicio profesional. Regents of University of Michigan v. Ewing, 474 U.S. 214, 225 (1985).
De los autos surge que cuando el apelante firmó el contrato para prestar servicios como residente de segundo año en pediatría, fue orientado en relación con las normas que regían en el programa. Específicamente se le indicó que el Departamento podía dar por terminado el contrato, si de las evaluaciones surgía que su aprovechamiento académico o destrezas clínicas eran deficientes. Además, se le proveyó un Manual en el cual se le indicaban todos los parámetros de evaluación y cuáles eran los porcientos de las notas de pase para el primero, segundo y tercer año.
En cuanto al planteamiento que hace el apelante de que no fue informado que se le había puesto en probatoria, no le asiste la razón. Al apelante no sólo se le notificó en varias ocasiones que su desempeño estaba siendo deficiente, sino que se le concedió un proceso administrativo ante dos comités distintos; en ambos pudo presentar sus alegaciones, estuvo debidamente representado, tuvo derecho a reconsideración y se le concedieron todas las garantías procesales.
En cuanto al análisis de los parámetros de evaluación utilizados basta señalar que la evaluación a los residentes se realizó de manera objetiva, se utilizaron los mismos criterios para todos y el apelante fue el único cuyo promedio de exámenes estuvo por debajo del 80% requerido. Todos los demás *925 residentes fueron promocionados de año al obtener notas que cumplían con el porciento requerido y ■ no se demostró que se actuara de forma arbitraria o caprichosa. Por los anteriores fundamentos ; concluimos que el error señalado no fue cometido.
III
El apelante plantea como segundo error, que el tribunal de instancia erró al resolver sumariamente el caso y al aplicar la doctrina de la autonomía universitaria.
Tampoco tiene razón.
-A-
La Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. III, reglamenta todo lo concerniente al procedimiento de sentencia sumaria. Establece que la parte contra la cual se solicita, no puede descansar sólo en lo que asevera o niega el promovente en su moción sino que por el contrario, viene obligado a rebatirla de manera detallada y específica. De no cumplir con este requerimiento, se puede dictar sentencia sumaria a favor de la parte promovente. Soto Vázquez v. Rivera Alvarado, opinión de 9 de diciembre de 1997, 97 J.T.S. 145, págs. 369-369; Cuevas Segarra, José, Práctica Procesal Puertorriqueña, Procedimiento Civil, Publicaciones J.T.S., Cap. V, 1985, pág. 194.
Un tribunal puede dictar una sentencia sumaria cuando no hay controversia real sustancial en cuanto a ningún hecho material y procede como cuestión de derecho. Audiovisual Language, etc. v. Sistema de Estacionamiento Natal Hermanos, etc., opinión del 15 de diciembre de 1997, 97 J.T.S. 147, pág. 400. (Casos citados.)
-B-
Por otro lado, para poder establecer una reclamación bajo la sección 1983 sobre derechos civiles, la demanda debe alegar y así probarse en su día, que los demandados actuaron bajo mandato de ley y que al demandante se le privó de un derecho garantizado por las leyes o la Constitución de Estados Unidos. Ley Federal de Derechos Civiles, 42 U.S.C.A. See. 1983.
Igualmente, para establecer una causa de acción al amparo del artículo 1802 del Código Civil de Puerto Rico, se tiene que alegar y probar que la actuación culposa o negligente del demandado fue la causa del daño que recibió el demandante y, por lo tanto, está obligado a repararlo. 31 L.P.R.A. sec. 5141; Agosto Vázquez v. F.W. Woolworth Co., opinión del 13 de mayo de 1997, 97 J.T.S. 57, pág. 950.
El Tribunal Supremo ha expresado que los contratos entre una institución educativa y otra parte contratante, tienen fuerza de ley y los tribunales no deben relevar a una parte de su cumplimiento cuando el contrato sea válido y legal. Art. 1044, Código Civil; 31 L.P.R.A. sec. 2994; Mercado Rivera v. Universidad Católica de P.R., opinión del 27 de junio de 1997, 97 J.T.S. 106, pág. 1276.
Cónsono con los principios de derecho antes comentados resolvemos que el error no fue cometido.
El foro apelado con corrección jurídica no encontró que existiera controversia sobre hechos materiales en particular sobre el desempeño académico del apelante. Además, no existía causa de acción al amparo del estatuto de derechos civiles, pues no se le privó de derecho constitucional alguno al apelante y tampoco se encontró que éste hubiera sufrido daño alguno. El apelante había suscrito un contrato con el Departamento, conocía los términos del mismo y la condición de que su ejecutoria profesional tenía que cumplir las exigencias del programa de pediatría o de lo contrario podían prescindir de sus servicios como residente.
Concluimos que ante las circunstancias antes esbozadas no incidió el tribunal de instancia al desestimar la demanda sumariamente.
En cuanto al planteamiento de que el tribunal apelado erró al aplicar la doctrina de autonomía universitaria, resolvemos que no tiene razón el apelante. Veamos.
El tribunal de instancia cumplió correctamente con la norma jurisprudencial de tratar con deferen- *926 cia el dictamen de poner en probatoria a un residente que no cumplió con los requisitos académicos establecidos en el programa que trabajaba. Las decisiones tanto del Comité de Evaluación como del Comité de Coordinación, estuvieron basadas en el bajo aprovechamiento del apelante, no fueron arbi-trarias ni caprichosas y en las mismas se le salvaguardaron al apelante las garantías procesales nece-sarias.
El tribunal de instancia actuó correctamente al sostener la decisión académica y en nuestra función apelativa no vamos a variar dicha determinación.
IV
Por los anteriores fundamentos, se confirma la sentencia apelada.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General